# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

GAVIN C. THOMAS,

 v.                               CASE NUMBER: 9:17-CV-1023 (GLS/CFH)

DELANEY, et. al.,

### Order Directing Administrative Closure
### With Opportunity to Comply With Filing Fee Requirements

Plaintiff's complaint was received for filing in the Northern District of New York on September 14, 2017, along with an In Forma Pauperis Application Form ("IFP Application") and an Inmate Authorization Form ("Inmate Authorization"). Plaintiff has not paid the filing fee for this action.[1]

A civil action is commenced in federal district court by filing a complaint. Fed. R. Civ. P. 3. The statutory filing fee must also be paid at the time an action is commenced, unless the plaintiff seeks in forma pauperis status. *See* 28 U.S.C. §§ 1914(a), 1915(a). The Local Rules of Practice for the Northern District of New York require all inmates seeking in forma pauperis status to submit a completed and signed IFP Application which includes a certification by an appropriate official at their facility regarding their inmate account balance, along with a signed Inmate Authorization Form. *See* 28 U.S.C. § 1915(a)(1), (2); N.D.N.Y. Local Rule 5.4(b)(1)(A), (B).

---

[1] The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00). A party granted in forma pauperis status is not required to pay the $50.00 administrative fee; however, a prisoner granted in forma pauperis status is required to pay, over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

Upon review, the Court finds that the IFP Application submitted by plaintiff was not certified. As a result, plaintiff's IFP Application is **DENIED as incomplete.**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application is **DENIED as incomplete**; and it is further

**ORDERED** that because this action was not properly commenced, the Clerk is directed to administratively close this action;[2] and it is further

**ORDERED** that if plaintiff desires to pursue this action, he must so notify the Court **WITHIN THIRTY (30) DAYS** of the filing date of this Order and **either** (1) pay the full $400.00 filing fee for civil actions **or** (2) submit a completed and signed IFP Application that has been certified by an appropriate official at his facility; and it is further

**ORDERED** that upon plaintiff's compliance herewith, the Clerk shall reopen this action and forward it to the Court for review; and it is further

**ORDERED** that the Clerk serve a copy of this Order on plaintiff along with a blank IFP Application.

**IT IS SO ORDERED**.

September 14, 2017
Albany, New York

*Gary L. Sharpe*
U.S. District Judge

---

[2] Plaintiff is advised that if this case is reopened as set forth herein, the timeliness of his complaint will be determined with reference to the filing date thereof. *See McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996) (deeming complaint to have been constructively filed upon receipt even though the filing fee requirements had not yet been complied with); *c.f. Jordan v. United States*, 694 F.2d 833, 837 (D.C. Cir. 1982) (noting that when a Rule 60(b) motion is granted, "the complaint should be reinstated as of the date it was originally filed."); *Akobardiya v. Princess Cruise Lines, Ltd.,* No. 11-cv-2921, 2012 WL 3746218, at *2 (E.D.N.Y. Aug. 27, 2012) (Rule 60(b) motion granted and case reopened where statute of limitations had since expired and claims would be untimely if action was refiled); *see also Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir.1993) (under the prison-mailbox rule, the court deems a pro se prisoner's complaint filed on the date that the prisoner delivered the complaint to prison officials for transmittal to the court).