UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GAVIN C. THOMAS,

                Plaintiff,

       v.                                            9:17-CV-1023
                                                          (GLS/CFH)

DELANEY et al.,

                Defendants.

---

APPEARANCES:

GAVIN C. THOMAS
16-A-0095
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. BARBARA D. UNDERWOOD        JOHN F. MOORE
New York State Attorney General         Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Gavin C. Thomas commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to

proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 7 ("IFP Application").[1] By Decision and Order filed September 29, 2017, plaintiff's IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the New York State Department of Corrections and Community Supervision (DOCCS) and all claims against it were dismissed with prejudice, and the Court directed service and a response for the First Amendment claims of retaliation and interference with plaintiff's right to freely exercise his religion asserted against defendant correctional officer Dupra and defendant correctional officer Delaney, which claims survived sua sponte review. Dkt. No. 9 (the "September 2017 Order"). After defendants Delaney and Dupra filed an answer, Dkt. No. 15, plaintiff filed a "motion for joinder of parties/amend," Dkt. No. 21, which the Court construed as a motion to amend and granted in part and denied in part by Decision and Order filed March 9, 2018. *See* Dkt. No. 23 ("March 2018 Order"). Specifically, the motion to amend was granted to the extent that plaintiff asserted claims of retaliation and interference with his right to freely exercise his religion against a corrections officer LaValley, and re-asserted his then-pending claims against defendants Delaney and Dupra. *Id*. The motion to amend was denied in all other respects. *Id*.

Thereafter, defendants Delaney and Dupra filed an answer to the amended complaint. Dkt. No. 29. On March 30, 2018, this Court issued a Mandatory Pretrial Discovery and Scheduling Order. Dkt. No. 31.

On May 4, 2018, plaintiff filed a motion to amend his amended complaint. Dkt. No. 34 ("May 2018 Prop. SAC"). Thereafter, defendant LaValley was served, and he filed an

---

[1] This action was originally filed in the Western District of New York and was transferred to this District by Order of Chief United States District Judge Frank P. Geraci, Jr. of the Western District of New York. Dkt. No. 4.

answer to the amended complaint. Dkt. No. 40.

Presently before the Court is plaintiff's second motion to amend his amended complaint. Dkt. No. 43 ("June 2018 Prop. SAC").[2] Defendants have not opposed plaintiff's motion.

## II. MOTION TO AMEND

The legal standard governing motions to amend was discussed at length in the March 2018 Order, and it will not be restated in this Decision and Order. *See* March 2018 Order at 2-4.

Plaintiff's proposed second amended complaint re-asserts the First Amendment claims against defendants Dupra, Delaney, and LaValley contained in the amended complaint. *Compare* Dkt. No. 24, *with* June 2018 Prop. SAC. Plaintiff also seeks to add claims against these defendants under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, and the Equal Protection Clause of the Fourteenth Amendment, as well as a claim for harassment. *See generally* June 2018 Prop. SAC.

In addition to these claims, the proposed second amended complaint seeks to add as defendants Corrections Officers Stoughton and Crowningshield. *See* June 2018 Prop. SAC at 3-5. Plaintiff's proposed claims against Corrections Officer Stoughton are based on allegations that he confronted plaintiff about plaintiff's hair style on February 18, 2018, then wrote plaintiff a misbehavior report, placed him in keeplock for twenty-four hours, and revoked his phone, packages, commissary, and recreation privileges for seventeen days

---

[2] The June 2018 Prop. SAC supplements the May 2018 Prop. SAC with allegations that have occurred since plaintiff filed the May 2018 Prop. SAC. *Compare* May 2018 Prop. SAC, *with* June 2018 Prop. SAC. These submissions otherwise contain no material differences. As a result, the May 2018 Prop. SAC is superseded by the June 2018 Prop. SAC. *See Harris v. City of New York*, 186 F.3d 243, 249 (2d Cir. 1999).

3

because of his hair. *Id.* at 3. Plaintiff's proposed claims against Corrections Officer Crowningshield are based on allegations that he confronted plaintiff in the prison yard on May 18, 2018, told plaintiff that he knows that plaintiff sued his "friends," then threatened plaintiff and confiscated his identification card to "deprive [plaintiff] recreation[.]" *Id*. at 4.

Liberally construed, the proposed second amended complaint asserts the following claims: (1) claims against defendants Dupra, Delaney, LaValley and Corrections Officer Stoughton for interference with plaintiff's right to freely exercise his religion, in violation of plaintiff's rights under the First Amendment and RLUIPA[3]; (2) claims against defendants Dupra, Delaney, LaValley and Corrections Officer Stoughton for religious discrimination, in violation of plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment; (3) claims against defendants Dupra, Delaney, LaValley, Corrections Officer Stoughton and Corrections Officer Crowningshield for retaliation, in violation of plaintiff's First Amendment rights; and (4) claims against defendants Dupra, Delaney, LaValley, Corrections Officer Stoughton and Corrections Officer Crowningshield for harassment. *See generally* June 2018 Prop. SAC.[4] Plaintiff requests monetary damages together with declaratory and injunctive

---

[3] The Court does not construe the allegations against Corrections Officer Crowningshield to assert religious claims because the proposed second amended complaint is devoid of any allegations that Corrections Officer Crowningshield took actions against plaintiff as a result of, or which substantially burdened, plaintiff's religious beliefs.

[4] The Court does not construe the allegations against Corrections Officer Stoughton to assert a Fourteenth Amendment due process claim because "the loss of phones, packages, and commissary privileges does not give rise to a protected liberty interest under New York law." *Smart v. Goord*, 441 F. Supp. 2d 631, 640 (S.D.N.Y. 2006); *see Husbands v. McClellan*, 990 F. Supp. 214, 217 (W.D.N.Y. 1998) (holding temporary loss of various privileges—telephone, package, commissary and recreation—did "not represent the type of deprivation which could reasonably be viewed as imposing an atypical and significant hardship on an inmate"); *Johnson v. Enu*, No. 08-CV-158 (FJS/DRH), 2011 WL 3439179, at *12 (N.D.N.Y. July 13, 2011) (suspension of recreation, commissary, and phone privileges did not give rise to a protected liberty interest); *Edelkind v. Killian*, No. 09-CV-5835, 2011 WL 10599973, at *16 (S.D.N.Y. Aug. 31, 2011) ("[L]oss of telephone privileges is plainly a common incident of prison life and hence does not itself reflect a circumstance that implicates the loss of a liberty interest.").

4

relief. *Id*. at 5-6. For a complete statement of plaintiff's claims, refer to the proposed second amended complaint.

### A. RLUIPA Claims

"RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities." *Holland v. Goord*, 758 F.3d 215, 220-22 (2d Cir. 2014). Accordingly, plaintiff's RLUIPA claims for monetary damages are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for plaintiff's failure to state a claim upon which relief may be granted.

### B. Equal Protection Claims

The Equal Protection Clause requires that the government treat all similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985). Specifically, the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). To state a viable claim for denial of equal protection, a plaintiff generally must allege "purposeful discrimination . . . directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). In the alternative, under a "class of one" theory, plaintiff must allege that he has been intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003).

5

Here, plaintiff alleges in conclusory fashion that the actions of the named and proposed defendants constitute "religious discrimination." *See* June 2018 Prop. SAC at 2, 5. Plaintiff's proposed second amended complaint does not allege that any of the named or proposed defendants treated all members of the Rastafarian religion, to which plaintiff purports to belong, differently than members of other religious groups with regard to hair length or style. Moreover, assuming that plaintiff has intended to assert an equal protection claim under a "class of one" theory, the proposed second amended complaint is devoid of any allegations that plaintiff was intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. *See Village of Willowbrook*, 528 U.S. at 564. In fact, the proposed second amended complaint fails to identify any individuals treated differently than plaintiff under a similar situation. *See Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 434 (S.D.N.Y. 2013) (dismissing the plaintiff's Equal Protection claim where the amended complaint was "completely devoid of any reference to 'similarly situated' or 'substantially similar' individuals"). Instead, plaintiff's claim that he was discriminated against is entirely conclusory, which is not enough to survive sua sponte review. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (concluding that a pleading that only "tenders naked assertions devoid of further factual enhancement" will not survive sua sponte review) (internal quotations and alterations omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Thomas v. Pingotti*, No. 9:17-CV-0300 (GTS/DEP), 2017 WL 3913018, at *7 (N.D.N.Y. Sept. 6, 2017) ("Conclusory allegations of disparate treatment or a plaintiff's personal belief of discriminatory intent are patently insufficient to plead a valid claim under the Equal Protection clause.").

6

Accordingly, plaintiff's equal protection claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**C.      Harassment Claims**

Verbal harassment and name calling, absent physical injury, are not constitutional violations cognizable under Section 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (per curiam); *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983") (quotation omitted); *see also Rivera v. Goord*, 119 F. Supp. 2d 327, 342 (S.D.N.Y. 2000) (collecting cases); *Baskerville v. Goord*, No. 97-CV-6413, 2000 WL 897153, at *3 (S.D.N.Y. July 6, 2000) ("Mere verbal abuse or the use of . . . slurs or epithets reflecting . . . prejudice, although reprehensible, does not form the basis of a claim pursuant to § 1983."). This principle holds true even when the harassment concerns a plaintiff's religion. *See, e.g.*, *Hamilton v. Erhardt*, No. 10-CV-6234, 2011 WL 3476475, at *4 (W.D.N.Y. Aug. 9, 2011) (holding that verbal taunting does not amount to a constitutional violation "even where such verbal harassment pertains to the plaintiff's race or religion.").

"While under extreme circumstances the Eighth Amendment's prohibition against cruel and unusual punishment may encompass intentionally inflicted psychological injury, necessarily excluded from this protection is conduct causing only de minimis psychological harm." *Johnson v. Brown*, No. 9:09-CV-0002 (GTS/DEP), 2010 WL 6243352, at *6 (N.D.N.Y. Sept. 3, 2010) (collecting cases), *report and recommendation adopted by* 2011 WL

1097864 (N.D.N.Y. Mar. 22, 2011).

In this case, the proposed second amended complaint fails to allege facts which plausibly suggest that any of the comments made by any of the named or proposed defendants subjected plaintiff to psychological harm which rises to the level of a constitutional violation. Indeed, plaintiff does not allege that he suffered any injuries as a result of any of the alleged comments.

Accordingly, plaintiff's claims based on verbal harassment are dismissed pursuant to 28 U.S.C. 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### D. Remaining Claims

In light of the legal standard governing motions to amend, and defendants' failure to oppose the motion, the Court grants plaintiff's motion to amend to the extent the proposed second amended complaint asserts the following claims: (1) First Amendment free exercise claims against defendants Dupra, Delaney, LaValley and Corrections Officer Stoughton; (2) RLUIPA claims for injunctive and declaratory relief against defendants Dupra, Delaney, LaValley and Corrections Officer Stoughton in their official capacities[5]; and (3) First Amendment retaliation claims against defendants Dupra, Delaney, LaValley, Corrections Officer Stoughton, and Corrections Officer Crowningshield. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

---

[5] "There is no cognizable private right of action under the RLUIPA against state officers sued in their individual capacities." *Morse v. Mallernee*, No. 9:13-CV-1354 (LEK/DEP), 2017 WL 1133357, at *5 (N.D.N.Y. Feb. 17, 2017) (citing *Washington v. Gonyea*, 731 F.3d 143, 144 (2d Cir. 2013)), *report and recommendation adopted sub nom. Morse v. Springer*, 2017 WL 1133413 (N.D.N.Y. Mar. 24, 2017). Plaintiff is therefore limited to injunctive and declaratory relief against the defendants in their official capacities, should he prevail on his RLUIPA claim. *See Morse*, 2017 WL 1133357, at *5.

8

**III. CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion to amend (Dkt. No. 43) is **GRANTED in part and DENIED in part** as set forth above. Specifically, the motion to amend is **GRANTED** to the extent that plaintiff asserts the following claims: (1) First Amendment free exercise claims against defendants Dupra, Delaney, LaValley and Corrections Officer Stoughton; (2) RLUIPA claims for injunctive and declaratory relief against defendants Dupra, Delaney, LaValley and Corrections Officer Stoughton in their official capacities; and (3) First Amendment retaliation claims against defendants Dupra, Delaney, LaValley, Corrections Officer Stoughton, and Corrections Officer Crowningshield. The motion to amend is **DENIED** in all other respects; and it is further

**ORDERED** that the Clerk is directed to (1) dismiss the May 2018 Proposed Second Amended Complaint (Dkt. No. 34) as superseded by the June 2018 Proposed Second Amended Complaint (Dkt. No. 43); (2) file the June 2018 Proposed Second Amended Complaint (Dkt. No. 43) as the second amended complaint in this action; and (3) revise the docket to add "Stoughton, Correctional Officer" and "Crowningshield, Correctional Officer" as defendants. The second amended complaint, **as modified herein**, will supersede and replace the previously filed amended complaint and will be the operative pleading; and it is further

**ORDERED** that, upon receipt from plaintiff of the documents required for service of process on defendants Stoughton and Crowningshield, the Clerk shall issue summonses and forward them, along with copies of the second amended complaint, to the United States Marshal for service upon those defendants; and it is further

**ORDERED** that a formal response to plaintiff's second amended complaint be filed by defendants Delaney, Dupra, LaValley, Stoughton and Crowningshield, or their counsel, as provided for in Rule 12 of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

July 23, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge